UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CRAIG HINES,<br>    Petitioner,<br><br>v.<br><br>UNITED STATES,<br>    Respondent. | No. 3:22-cv-1622 (SRU) |

**RULING ON RESPONDENT'S MOTION TO DISMISS**

Petitioner Craig Hines, currently incarcerated at United States Penitentiary Coleman II ("USP Coleman II") in Sumterville, Florida and proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255. Hines appears to seek an order directing the Bureau of Prisons to award him twenty months of good time credits towards early release from custody. The respondent has moved to dismiss the motion for lack of jurisdiction. For the reasons that follow, the respondent's motion is **granted**.

I.    Background[1]

On August 30, 2005, Hines pled guilty to each count of a three-count indictment charging: felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) (count one); possession with intent to distribute five or more grams of cocaine base, *i.e.*, "crack cocaine," in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) (count two); and possession, use, and carrying a firearm during, in relation to, and in furtherance of a drug offense, in violation of 18 U.S.C. § 924(c)(1) (count three). *See* Plea Agreement, Cr. Doc. No. 29; Min. Entry, Cr. Doc. No. 27.

---

[1] I refer to documents in Hines's criminal case, *United States v. Hines*, Dkt. No. 3:05-cr-118 (SRU), with the shorthand "Cr. Doc."; to documents in Hines's prior habeas case, *Hines v. United States,* Dkt. No. 3:16-cv-1044, with the shorthand "Cv. Doc."; and to documents in this case without a shorthand for the case name.

On February 17, 2006, I sentenced Hines to 262 months' imprisonment on count one, 202 months' imprisonment on count two, and 60 months' imprisonment on count three. *See* Judgment, Cr. Doc. No. 38. The sentences on counts two and three were to run consecutively, for a total of 262 months; and that combined sentence was to run concurrently with the 262 months on count one. *Id*. I also sentenced Hines to five years of supervised release on each count, all terms to run concurrently. *Id*. Judgment entered on March 2, 2006. Cr. Doc. No. 38. Hines appealed, and the Second Circuit summarily affirmed. *See* Cr. Doc. No. 58.

Thereafter, on June 16, 2016, Hines moved to vacate his sentence under 28 U.S.C. § 2255 and requested resentencing under the First Step Act. *See* Cv. Doc. No. 1. On February 7, 2020, I denied his habeas petition and granted his First Step Act motion. *See* Cv. Doc. No. 26. Hines was resentenced on October 27, 2021, at which time I again imposed a principal sentence of 262 months' imprisonment. Cr. Docs. No. 113-114. Hines has filed an appeal of that judgment, which is pending before the United States Court of Appeals for the Second Circuit. Cr. Doc. No. 122.

Hines has additionally filed the instant petition ("the Petition"), purportedly pursuant to 28 U.S.C. § 2255, challenging the Bureau of Prison's computation of his sentence and its calculation of his good time credit. *See generally* Pet., Doc. No. 1. The government moves to dismiss the Petition on the basis that Hines's petition is not properly brought under 28 U.S.C. § 2255 and is not properly before this Court. Resp.'s Mem. of Law, Doc. No. 6-1, at 1.

Because the petition presents a pure question of law, I rule on it without a hearing.

In addition, to expedite a decision on the Petition in light of Hines's representation that he is presently eligible for release, I issue this before the expiration of the period permitted for filing an opposition to the respondent's motion to dismiss. *See* D. Conn. L. Civ. R. 7(a)(4).

**II.     Standard of Review**

A court reviews a motion to dismiss a habeas petition according to the same principles as a motion to dismiss a civil complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). *See Spiegelmann v. Erfe*, 2018 WL 1582549, at *1 (D. Conn. Mar. 29, 2018); *Anderson v. Williams*, 2017 WL 855795, at *5 (D. Conn. Mar. 3, 2017).

When deciding a motion to pursuant to Rule 12(b)(1), the Court "take[s] all the uncontroverted facts in the complaint (or petition) as true, and draw[s] all reasonable inferences in favor of the party asserting jurisdiction." *Fountain v. Karim*, 838 F.3d 129, 134 (2d Cir. 2016)

When deciding a motion to dismiss pursuant to Rule 12(b)(6), the court must accept the material facts alleged in the complaint as true, draw all reasonable inferences in favor of the plaintiff, and decide whether it is plausible that the plaintiff has a valid claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007); *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996).

Because Hines filed the Petition *pro se*, I construe his filings "liberally" and interpret them "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006).

**III.    Discussion**

Section 2255 is "generally the proper vehicle for a federal prisoner's challenge to his conviction and sentence, as it encompasses claims that the sentence was imposed in violation of the Constitution or laws of the United States, . . . or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." *Jiminian v. Nash*, 245 F.3d 144, 146-47 (2d Cir. 2001) (internal quotation marks omitted). Therefore, as a general rule, a federal prisoner challenging the imposition of his sentence must do so by way of a motion filed

in the sentencing court pursuant to 28 U.S.C. § 2255.  In contrast, a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 challenges the execution of a federal prisoner's sentence, including the computation of the prisoner's sentence by prison officials.  *Id.* at 146 (citing *Chambers v. United States*, 106 F.3d 472, 474-75 (2d Cir. 1997)).  Because Hines challenges the computation of his sentence, he challenges the execution of his sentence, and it is proper for him to pursue such a challenge by way of a properly-filed section 2241 petition.  *See May v. Licon-Vitale*, 2020 WL 8617428, at *1 (D. Conn. Sept. 1, 2020).  I liberally construe Hines's *pro se* petition as one brought under section 2241, and I conclude that I cannot grant relief.

District courts may grant habeas relief only "within their respective jurisdictions," 28 U.S.C. § 2241(a), and such writs are "directed to the person having custody of the person detained," *id.* § 2243; *see also Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004).  As the Supreme Court has explained, "there is generally only one proper respondent to a given prisoner's habeas petition," and that custodian is "the 'person' with the ability to produce the prisoner's body before the habeas court."  *Padilla*, 542 U.S. at 434-35.  Thus, "[w]henever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement."  *Id*. at 447.

Hines has not demonstrated that this Court, the sentencing court, has the authority to grant the relief he seeks.  Hines was confined as of the date that he filed the Petition, and remains confined, at USP Coleman II, a facility located within the jurisdiction of the United States District Court for the Middle District of Florida.  This Court lacks jurisdiction to issue a writ directed to the custodian of prisoners in USP Coleman II.  Accordingly, I must either transfer this action or dismiss the Petition for lack of jurisdiction.

I decline to transfer this action, because the petition does not name the warden at USP Coleman II as the respondent, and I therefore choose to dismiss it for lack of jurisdiction. *See Jabarah v. Garcia*, 2010 WL 3834663, at *5 (S.D.N.Y. 2010) (declining to transfer case to proper district because the current warden was not named as respondent and the petitioner could re-file against proper respondent in proper district). Hines must file any new petition to seek relief against the warden of the facility in which he is currently confined in the district of his confinement. Assuming he remains confined at USP Colleman II, he must file any new petition against the warden at USP Coleman II in the Middle District of Florida.

### IV.     Conclusion

The respondent's motion to dismiss, doc. no. 6, is **granted**, and the Petition, doc. no. 1, is **dismissed** for lack of jurisdiction.

The Clerk is directed to close this case.

So ordered.

Dated at Bridgeport, Connecticut, this 3rd day of March 2023.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge